**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **COLUMBUS CHRIS WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4293** |
| **TERREBONNE PARISH SHERIFF'S OFFICE THROUGH SHERIFF MR. JERRY J. LARPENTER, ET AL.** | **SECTION: "C"(3)** |

### REPORT AND RECOMMENDATION

Plaintiff, Columbus Chris Williams, a state pretrial detainee,[1] is once again before this Court, having filed yet another *pro se* complaint pursuant to 42 U.S.C. § 1983. On the face of the instant complaint, he states: "*I have Filed Several 1983 Actions." That is an understatement. Mr. Williams has previously filed, or attempted to file, some two dozen such cases in this Court alone. In fact, because of his long history of abusive, frivolous litigation, he is barred from filing any new lawsuits *in forma pauperis*.[2] Undeterred, he has now chosen to simply pay the filing fee.

---

[1] Although plaintiff has previously been convicted on various criminal charges, he alleges that he is currently incarcerated only as a pretrial detainee. For the purposes of this Report and Recommendation, the Court will assume that allegation to be true.

[2] Many of plaintiff's prior actions were dismissed as frivolous, malicious, and/or for failure to state a claim, including, but by no means limited to, Columbus Chris Williams v. Jerry Larpenter, *et al.*, Civil Action No. 01-3697 "F"(2) (E.D. La. 2001); Columbus Chris Williams v. 32nd Judicial District Court (Judge Paul Wimbish), *et al.*, Civil Action No. 01-3731 "F"(1) (E.D. La. 2001); Columbus Chris Williams v. Jerry Larpenter, Civil Action No. 01-3732 "M"(4) (E.D. La. 2001); Columbus Chris Williams v. Terrebonne Parish Sheriff Jerry Larpenter, Civil Action No. 01-3733 "R"(1) (E.D. La. 2001); Columbus Chris Williams v. Terrebonne Parish Consolidated Government, *et al.*, Civil Action No. 02-443 "K"(5) (E.D. La. 2002); and Columbus Chris Williams v. Terrebonne

That fact, however, does not require that Mr. Williams be allowed to again burden the defendants and this Court with a clearly frivolous lawsuit. To the contrary, Congress has expressly afforded relief from such prisoners who engage in frivolous, recreational litigation. Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[3] The United States Fifth Circuit Court of Appeals has held that the screening provisions of § 1915A apply even when, as in the instant case, the prisoner has paid the required filing fee. Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a

---

Parish Sheriff Jerry Larpenter, *et al.*, Civil Action No. 02-495 "K"(5) (E.D. La. 2002). Accordingly, 28 U.S.C. § 1915(g) generally bars him from filing further *in forma pauperis* actions.

[3] Section 1915A provides:

> As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A(c). Accordingly, the section clearly applies to pretrial detainees such as plaintiff.

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint and supplemental explanation of his claims,[4] the Court finds that his claims are prescribed and that his complaint should therefore be dismissed as frivolous.[5]

This time, plaintiff does not even bother to come up with new claims; rather, as he acknowledges on his complaint,[6] he simply chooses to revisit the ones he previously asserted in Columbus Chris Williams v. State of Louisiana, *et al.*, Civil Action No. 04-1170 "C"(3).[7] The curtain on that litigation, in which plaintiff consumed the resources of this Court for more than a year by filing dozens of frivolous, contradictory, and often incomprehensible motions, finally came down on July 27, 2005, when the United States District Judge dismissed plaintiff's claims. Although plaintiff now tries to raise that curtain once again, he should not be allowed to do so.

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[5] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

[6] Rec. Doc. 1, § I, pp. 1-2.

[7] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

Plaintiff now names as defendants the Terrebonne Parish Sheriff's Office, Assistant District Attorney Patricia Reeves, Judge Edward James Gaidry, Sr., an unidentified deputy sheriff, and unidentified employees of Coca-Cola. The claims in this lawsuit relate to plaintiff's arrest and prosecution on one count of criminal damage to a coin-operated device in violation of La.Rev.Stat.Ann. § 14:56.1.

In case number 378,096 on the docket of the Louisiana Thirty-Second Judicial District Court, a jury found plaintiff guilty of the felony of criminal damage to a coin-operated device where the damage amounted to $100.00 or more, and he was sentenced to a term of one year imprisonment. The underlying facts of the case were set forth in the Louisiana First Circuit Court of Appeal's decision on direct appeal:

> On May 3, 2001, the defendant struck a Coca-Cola vending machine three times with a twenty-pound sledgehammer at his bail bonds office on Grand Caillou Road in Houma. The machine was owned by Coca-Cola. Prior to hitting the machine, the defendant threatened "to trash the damn machine and put it at the road."

State v. Williams, 868 So.2d 48, 49 (La. App. 1st Cir. 2003). That court ultimately found that there was insufficient evidence to support plaintiff's conviction, holding:

> Although defendant clearly damaged a coin-operated device, the State failed to present proof of the amount of damage, determined by the actual cost of repairs, as required by LSA-R.S. 14:56.1. Accordingly, we are constrained to reverse defendant's conviction and vacate the sentence imposed.

Id. at 50.

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); La. Civ. Code Ann. art. 3492. As noted, plaintiff is complaining

about events that occurred in 2001. Moreover, even with respect to any claims that might have initially been barred by Heck v. Humphrey, 512 U.S. 477 (1994),[8] that impediment was removed, and his claims accrued, no later than November 7, 2003, when the Louisiana First Circuit Court of Appeal reversed his conviction.[9]  See Clay v. Allen, 242 F.3d 679 (5th Cir. 2001). Accordingly, even using the most generous calculation, his claims prescribed long before he filed the instant lawsuit in 2006. A complaint asserting prescribed claims is properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being

---

[8] In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted).

[9] Because the conviction was reversed due to insufficient evidence, he could not be retried on the charge. Burks v. United States, 437 U.S. 1 (1978).

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighteenth day of September, 2006.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**